IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **EATON CORPORATION**<br>1000 Eaton Blvd.<br>Cleveland, Ohio 44122<br><br>*Plaintiff,*<br><br>vs.<br><br>**ARGO SYSTEMS, LLC**<br>1200 Steuart Street<br>C3<br>Baltimore, Maryland 21230<br><br>*Defendant.* | Case No.: 1:25-cv-03636<br><br><br>**COMPLAINT** |

Plaintiff Eaton Corporation ("Eaton"), for its Complaint against Defendant Argo Systems, LLC ("Argo"), alleges and states the following:

## PARTIES

1. Plaintiff Eaton is an Ohio corporation with its principal place of business in Cleveland, Ohio 44122.

2. Defendant Argo is a Maryland company with its principal place of business in Baltimore City, Maryland 21230.

## JURISDICTION

3. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Eaton and Argo are citizens of separate states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Upon information and belief, none of the members of Defendant Argo's LLC are citizens of the state of Ohio or otherwise impact the court's diversity jurisdiction.

4. Pursuant to 28 U.S.C. § 1391(b)(1), venue in this action is proper in the U.S. District Court for the District of Maryland, because the defendant's business is located in the state of Maryland within the jurisdiction of the Northern Division.

## FACTUAL ALLEGATIONS

5. Eaton entered into a series of purchase orders with Argo to provide uninterruptable power supply ("UPS") equipment and installation services at various locations (the "Contracts").

6. The Contracts are identified as follows:

   a. 5200-46-1, White Beach, Okinawa Japan. A true and accurate copy is attached as **Exhibit 1**.

   b. 5200-47-1, White Beach, Okinawa Japan. A true and accurate copy is attached as **Exhibit 2**.

   c. 5200-48-1, White Beach, Okinawa Japan. A true and accurate copy is attached as **Exhibit 3**.

   d. 5200-037-001, Largo Patia, Italy. A true and accurate copy is attached as **Exhibit 4**. – (need original and v.1)

   e. 5200-054-01, Dixon, California. A true and accurate copy is attached as **Exhibit 5**.

   f. 5200-052-01 NAVFAC EXWC, Hawaii – JTWC Bldg 398. A true and accurate copy is attached as **Exhibit 6**.

   g. 5200-053-01 NAVFAC EXWC, Hawaii – Wahiawa Bldg 500. A true and accurate copy is attached as **Exhibit 7**.

   h. 5200-051-01, Diego Garcia. A true and accurate copy is attached as **Exhibit 8**.

7. The Contracts were in service of a single award task contract ("SATC") between ARGO and the United States Navy (the "Owner").

8. Eaton fulfilled its obligations under the Contracts.

9. Despite completing the work, Argo has failed to pay Eaton a total outstanding amount of $2,370,339.11.

10. Despite numerous demands and communications with Argo for many months, Argo has still failed to pay the outstanding balance.

## COUNT I – BREACH OF CONTRACT

11. Eaton realleges and incorporates the allegations contained in the paragraphs above as if fully rewritten.

12. Eaton and Argo entered into express, binding, and enforceable Contracts.

13. Eaton has completed its performance and all obligations under the Contracts, and Eaton is entitled to the balance due under the Contracts.

14. Despite Eaton's full and complete performance under the Contracts, Argo has failed to pay Eaton the full sum due.

15. Argo materially breached the Contracts by its failure to pay Eaton in full for Eaton's work under the Contract.

16. Argo materially breached the Contracts by failing to pay Eaton within ten (10) days of receiving payment from the Owner.

17. As a result of Argo's breach, Eaton has suffered damages in the amount of $2,370,339.11, subject to amendment or escalation, plus an additional amount in interest, costs, and attorneys' fees.

## COUNT II – UNJUST ENRICHMENT
### (In the alternative)

18. Eaton realleges and incorporates the allegations contained in the paragraphs above as if fully rewritten.

19. Eaton supplied equipment and services described in the Contracts.

20. Argo has not paid Eaton for all the equipment and services Eaton provided for reasons unrelated to Eaton's performance.

21. Argo has accepted and received the benefits of Eaton's work and failed to pay for such work.

22. Argo knew or should have known about the equipment and services Eaton provided and it would be unjust for Argo to continue to retain the benefit of the same without payment.

23. The value and benefits Eaton conferred to Argo is a sum in the amount of at least $2,370,339.11, subject to amendment or escalation.

## COUNT III – QUANTUM MERUIT
### (In the alternative)

24. Eaton realleges and incorporates the allegations contained in the paragraphs above as if fully rewritten.

25. Eaton supplied equipment and services described in the Contracts.

26. Argo accepted the equipment and services from Eaton without payment in full.

27. Argo has not paid Eaton for all the equipment and services provided by Eaton for reasons unrelated to Eaton's performance.

28. Argo knew or should have known that Eaton expected to be paid for providing such equipment and services.

29. As a result, Eaton has been harmed in a sum in the amount of at least $2,370,339.11, subject to amendment or escalation.

## COUNT IV – PROMPT PAYMENT ACT

30. Eaton realleges and incorporates the allegations contained in the paragraphs above as if fully rewritten.

31. Pursuant to Maryland Real Property Code § 9-302(b)(3) a subcontractor is entitled to payment from a contractor within seven (7) days of the contractor receiving payment from the owner.

32. Upon information and belief, Argo received payment from the Owner for all of Eaton's work under the Subcontract with the sole exception of an outstanding $208,837.56.

33. Despite being paid for nearly all of Eaton's work under the Contracts, Argo has failed to pay Eaton within seven (7) days of receiving payment.

34. Eaton made several attempts to obtain payment from Argo to no avail.

35. Argo's failure to pay Eaton despite Eaton's numerous demands and other efforts was done in bad faith.

36. Accordingly, Argo violated MD Real Property Code § 9-302(b)(3).

37. Because Argo violated MD Real Property Code § 9-302(b)(3), Eaton is entitled to equitable relief for prompt payment of undisputed amounts totaling $2,111,730.11 subject to amendment or escalation. *See* MD Real Property Code § 9-303(b)(1)

38. Because Argo violated MD Real Property Code § 9-302(b)(3), Eaton is entitled to interest from the date the Court determines that the amount owed was due and any reasonable costs incurred. *See* MD Real Property Code § 9-303(b)(2)

39. Because Argo acted in bad faith by failing to pay the undisputed amounts owed, Eaton is entitled to reasonable attorneys' fees. *See* MD Real Property Code § 9-303(c).

40. As such, Eaton is entitled to payment of $2,111,730.11 subject to amendment or escalation, plus interest, costs, and attorneys' fees.

## COUNT V- ACCOUNT STATED

41. Eaton realleges and incorporates the allegations contained in the paragraphs above as if fully rewritten.

42. Eaton has presented Argo with the invoices and correspondence detailing the amounts due under the Contracts.

43. Argo has acknowledged that the stated sum of money owed is a present existing debt to Eaton.

43. Argo has expressly and/or impliedly promised to pay the stated sum of money owed.

44. Argo has not paid the stated sum of money owed.

45. As such, Eaton is entitled to payment of $2,370,339.11 subject to amendment or escalation, plus interest.

**WHEREFORE**, Plaintiff Eaton Corporation demands and prays for judgment against Defendant Argo Systems, LLC as follows:

A. COUNT I, that Eaton receives judgment against Argo in the sum at least $2,370,339.11 subject to amendment or escalation, plus interest, costs, and attorney's fees.

B. COUNT II, that Eaton receives judgment against Argo in the sum at least $2,370,339.11 subject to amendment or escalation.

C. COUNT III, that Eaton receives judgment against Argo in the sum at least $2,370,339.11 subject to amendment or escalation.

D. COUNT IV, that Eaton receives judgment against Argo in the amount of $2,111,730.11 subject to amendment or escalation, plus interest, costs, and attorneys' fees.

E. COUNT V, that Eaton receives judgement against Argo in the sum at least $2,370,339.11 subject to amendment or escalation, plus interest.

F. For such other and further relief as this Court deems just and equitable.

Dated: November 6, 2025.

                                         Respectfully submitted,

                                         */s/ Eric M. Leppo*
                                         Eric M. Leppo
                                         (Federal Bar No. 28525)
                                         Semmes, Bowen & Semmes
                                         250 W. Pratt Street Ste. 1900
                                         Baltimore, Maryland 21201
                                         eleppo@semmes.com
                                         Phone: 440-576-4118
                                         Fax: 410-539-5223

                                         *Attorney for Plaintiff*